USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/30/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR MERCADO and JOHN MUSCI, *as Trustees for the Victor Mercado Estate*,

Plaintiffs,

-v-

MARC W. BERGOR and EQUIFAX,

Defendants.

26-cv-8193 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiffs Victor Mercado and John Musci bring this action as trustees for the Victor Mercado Estate (the "Estate").[1] Dkt. No. 1. The Victor Mercado Estate also moves for a preliminary injunction. Dkt. No. 4. Plaintiffs are self-represented. On October 2, 2026, the Court issued an order to show cause ("OSC") why this action should not be dismissed without prejudice to the extent that it is brought on behalf of the Estate. Dkt. No. 8. Plaintiffs filed a

[1] Plaintiffs' complaint also refers to "the Vincent Mercado Trust." Dkt. No. 1 at 1. Though the Court refers to the entity for which Plaintiffs serve as trustees as the "Estate," the Court assumes that the entity is, in fact, a trust. After all, Plaintiffs' representation of themselves as "trustees" presumes the existence of a trust. To the extent Plaintiffs are, in fact, administrators of an estate, this Order's reasoning still applies. Though an administrator of an estate may proceed *pro se* "where the administrator is the estate's sole beneficiary," the presence of two plaintiffs here precludes each from "appearing solely on his own behalf." *Guest v. Hansen*, 603 F.3d 15, 17, 21 (2d Cir. 2010). Where two plaintiffs serve as joint administrators and joint beneficiaries, neither can be said to be representing his interests alone.

response to the OSC on October 27, 2026.[2] Dkt. No. 9. For the following reasons, the Court dismisses the action without prejudice to renewal.

As the Court previously explained, Section 1654 of Title 28 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654; *see also* Dkt. No. 8. "This provision has been interpreted to allow for two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself. The statute does not allow for unlicensed laymen to represent anyone else other than themselves.'" *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (quoting *Turner v. Am. Bar Ass'n,* 407 F. Supp. 451, 477 (N.D. Tex. 1975), *aff'd sub nom. Pilla v. Am. Bar Ass'n,* 542 F.2d 56 (8th Cir. 1976)); *see also U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) (An unlicensed layperson may not represent a corporation of which he is sole shareholder, a partnership of which he is partner, or a limited liability company of which he is the sole member.). Applying these principles, courts in this District have held that "a nonlawyer trustee cannot bring claims on behalf of a trust." *Kelly v. Barclays Cap., Inc.*, 2026 WL 1745788, at *2 (S.D.N.Y. June 17, 2026) (quoting *Nasledie Davudova Express Tr. v. JP Morgan Chase Bank, Nat'l Ass'n*, 2024 WL 4769687, at *2 (S.D.N.Y. Nov. 13, 2024)); *see also Bell v. S. Bay Eur. Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007) ("A trust is deemed an artificial entity for the

[2] On October 27, 2026, Plaintiffs represented in correspondence with the Clerk's Office that they filed their response on October 13, 2026, prior to the Court's deadline of October 16, 2026. The docket does not reflect that Plaintiffs made any such filing that day. The Court subsequently came into possession of a copy of Plaintiffs' response that Plaintiffs had provided to the Clerk's Office and had it placed on the docket. The Court, however, assumes that Plaintiffs' response was timely, and the dismissal of this case is in no way predicated on the timeliness of Plaintiffs' response.

purposes of the rule barring a nonlawyer trustee from representing the interests of the trust."); *Advanced Mining Sys. v. Lutin*, 1995 WL 92309, at *1 (S.D.N.Y. Mar. 7, 1995) ("Where an individual's position as a trustee casts him in a fiduciary role for others, he cannot as a non-attorney represent the trust.").

Plaintiffs raise two principal arguments to evade the force of the foregoing law, arguing that certain authority supersedes the cases cited above.[3] First, Plaintiffs contend that requiring trustees to retain counsel is incompatible with their capacity to sue under their own names pursuant to Federal Rule of Civil Procedure 17(a)(1)(E) and (F). Dkt. No. 9 at 3–4. Rule 17(a)(1), in relevant part, states: "An action must be prosecuted in the name of the real party in interest. The following may sue in their own names without joining the person for whose benefit the action is brought: . . . (E) a trustee of an express trust . . . [and] (F) a party with whom or in whose name a contract has been made for another's benefit." Plaintiffs' contention is misguided because there is no irreconcilability. Rule 17 does not bear on whether or not the real party in interest is required to retain counsel to pursue an action—only which party can proceed as a named plaintiff in federal court. "Though Rule 17 allows a trustee to *sue* in his own name, it does not allow him to *represent* the interests of the trust as a non-attorney." *Brookins v. Figuccio*, 2023 WL 6442940, at *1 (E.D.N.Y. Sept. 29, 2023). In other words, Plaintiffs are permitted to be listed as plaintiffs on this lawsuit and pursue claims as trustees, but they are not

---

[3] The collective thrust of Plaintiffs' arguments is that judicial decisions that seemingly deviate from Plaintiffs' reading of the relevant authority set forth in 28 U.S.C. § 1654, Federal Rule of Civil Procedure 17, and the Constitution are trumped by those sources of law. *See, e.g.*, Dkt. No. 9 at 3 (contending that the Court's "Order to Show Cause cites localized . . . district court decisions" that "misconstru[e]" various provisions of law). As will be explained herein, there are no conflicts between the relevant sources of law and the judicial decisions interpreting said sources. The Court's cited decisions reaffirm and apply longstanding principles to specific contexts to build out what the law means and requires.

permitted to do so on a self-represented basis. Rule 17 and Section 1654 work harmoniously in support of that principle. As the Second Circuit has explained, where individuals choose "to accept the advantages of [entity status]," they must then "bear the burdens of that [status]," including the requirement that an attorney must represent the trust or the trustee's legal claims. *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 23 (2d Cir. 1983) (quoting *Mercu-Ray Indus., Inc. v. Bristol-Myers Co.*, 392 F. Supp. 16, 20 (S.D.N.Y.), *aff'd*, 508 F.2d 837 (2d Cir. 1974) (mem.)). Judge Castel in *Bell* explained further that

> [t]he rule in *Jones* that the bar on a non-lawyer's representation of the artificial entity may not be circumvented by assignment to a natural person ought to apply with equal force to an assignment by a trust. Trusts are artificial creatures of state law and often represent a bundle of rights and obligations of the grantor, the trustee and the beneficiaries.

486 F. Supp. 2d at 259. The reasons for this bar are manifold and have been repeated by various courts. Put simply, "the conduct of litigation by a nonlawyer creates unusual burdens not only for the party he represents but as well [as] for his adversaries and the court" in the form of "pleadings that are awkwardly drafted, motions that are inarticulately presented, [and] proceedings that are needlessly multiplicative"; moreover, a "lay litigant lacks many of the attorney's ethical responsibilities." *Jones*, 722 F.2d at 22. And Plaintiffs cite no authority that would allow them to circumvent this rule by recharacterizing their status as trustees as "part[ies] with whom . . . a contract has been made for another's benefit." Fed. R. Civ. P. 17(a)(1)(F).[4]

Second, Plaintiffs make a constitutional argument—invoking the Fifth Amendment's Due Process Clause, the Contract Clause, and the Supremacy Clause—that the requirement of counsel provides lawyers with an unlawful "private monopol[y]." Dkt. No. 9 at 4–5. As to the Due

[4] Plaintiffs also make cursory reference to Federal Rules of Civil Procedure 28(a)(2) and 29. Those rules have no bearing here. Rule 28(a)(2) merely defines the term "officer" for purposes of explaining the persons before whom a deposition may be taken. And Rule 29 simply allows parties to stipulate to various procedural aspects of discovery.

Process Clause, Plaintiffs have not pointed to any cognizable fundamental right or property interest that is burdened by the requirements of 28 U.S.C. § 1654. Plaintiffs are free to proceed on a self-represented basis to represent their own claims—they are not permitted to represent others, including the Estate, without counsel. The Estate may pursue whatever claims it wishes once it retains counsel, and Plaintiffs may remain the named plaintiffs on this lawsuit. To the extent Plaintiffs argue that having to pay a lawyer for a civil lawsuit infringes the Constitution, that claim has been rejected by the Supreme Court. *See Lassiter v. Dep't of Soc. Servs. of Durham County*, 452 U.S. 18, 25 (1981) (under the Due Process Clause, "an indigent's right to appointed counsel is that such a right has been recognized to exist only where the litigant may lose his physical liberty if he loses the litigation"). Though Plaintiffs refer to the Contract Clause, they point to no obligation of a preexisting contract that was impaired by some subsequent action by a state. *See Plaza Motors of Brooklyn, Inc. v. Cuomo,* 2021 WL 222121, at *7–8 (E.D.N.Y. Jan. 22, 2021) (explaining that "the Contract[] Clause only restricts states from impairing obligations under *existing* contracts"). Nor does the Supremacy Clause do any work for Plaintiffs given their failure to identify any conflict between Section 1654 and the Constitution.[5]

Because none of Plaintiffs' arguments prevail, the appropriate disposition when a claim is brought by a nonlawyer on behalf of a trust is dismissal without prejudice to refiling via counsel. *See Nasledie Davudova Express Tr.*, 2024 WL 4769687, at *2–3. Accordingly, the case is

[5] Plaintiffs' submission also contains a third argument, the header of which refers to Federal Rules of Civil Procedure 18 and 19. Dkt. No. 9 at 6. But Plaintiffs advance no argument as to the relevance of those rules, which govern the joinder of claims and parties. To the extent that Plaintiffs view themselves as "[r]equired [p]art[ies]," nothing in this Court's ruling prohibits them from participating in this lawsuit as trustees, provided that they do so with counsel. Fed. R. Civ. P. 19(a)(1).

DISMISSED without prejudice but without leave to amend. The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: October 30, 2026
New York, New York

LEWIS J. LIMAN
United States District Judge